Santana v City of New York (2019 NY Slip Op 01348)





Santana v City of New York


2019 NY Slip Op 01348


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Oing, Singh, JJ.


8498 303324/13

[*1]Ramona Santana, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents.


Arnold E. Di Joseph, P.C., New York (Arnold E. Di Joseph III of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Nwamaka Ejebe of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about March 28, 2018, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
The governmental function immunity doctrine does not apply in this case where plaintiff pedestrian was injured when she was struck by a police vehicle that was allegedly pursuing a vehicle that had committed a traffic infraction (see generally Valdez v City of New York, 18 NY3d 69, 75-76 [2011]). Instead, where a plaintiff alleges that a municipality and/or its employees were negligent in the ownership or operation of an authorized emergency vehicle while engaged in one of the activities protected by Vehicle and Traffic Law § 1104(b), the "reckless disregard" standard set forth in Vehicle and Traffic Law § 1104(e) applies (Kabir v County of Monroe, 16 NY3d 217 [2011]).
Here, a factual issue exists as to whether defendants were engaged in a protected activity under Vehicle and Traffic Law § 1104(b), namely, proceeding past a steady red signal (see Vehicle and Traffic Law § 1104[b][2]), while pursuing a vehicle for a traffic violation so as to apply the reckless standard of care as opposed to ordinary negligence principles (Vehicle and Traffic Law § 1104[e]; see Kabir, 16 NY3d at 220).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK